IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES S. WILLIAMS,

        Plaintiff,                    No. 2:10-cv-1813 MCE KJN P

    vs.

DEPARTMENT OF CORRECTIONS,     <u>ORDER AND</u>

        Defendant.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. On August 31, 2010, this court recommended dismissal of this action based on plaintiff's failure to file an application to proceed in forma pauperis or pay the filing fee. On September 17, 2010, plaintiff filed a motion to proceed in forma pauperis. Accordingly, the findings and recommendations will be vacated.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make

1

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff alleges that his personal property was lost during his prison transfer. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th

1  Cir. 1987).

2  In the instant case, plaintiff has not alleged any facts which suggest that the
3  deprivation was authorized.  The California Legislature has provided a remedy for tort claims
4  against public officials in California Government Code §§ 900, et seq.  Because plaintiff has not
5  attempted to seek redress in the state system, he cannot sue in federal court on the claim that the
6  state deprived him of property without due process of the law.  The court concludes that this
7  claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2).

8  In accordance with the above, IT IS HEREBY ORDERED that:

9  1. The August 31, 2010 findings and recommendations are vacated;

10  2. Plaintiff's application to proceed in forma pauperis is granted; and

11  3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
12  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
13  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
14  Director of the California Department of Corrections and Rehabilitation filed concurrently
15  herewith.

16  IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed as
17  frivolous.  See 28 U.S.C. § 1915(e)(2).

18  These findings and recommendations are submitted to the United States District
19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
20  one days after being served with these findings and recommendations, plaintiff may file written
21  objections with the court and serve a copy on all parties.  Such a document should be captioned
22  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
23  ////
24  ////
25  ////
26  ////

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  September 28, 2010

            _____
            KENDALL J. NEWMAN
            UNITED STATES MAGISTRATE JUDGE

will1813.56